MARY UHL, Individually and as Executrix of the Last Will and Testament of Seymour H. Uhl, Otherwise Known as S. H. Uhl, Appellants, v. SARAH C. HOLBRUNER, Appellee.

200 So. 359

En Banc

Opinion Filed February 11, 1941

*D. M. Johnson* and *S. Whitehurst's Sons,* for Appellants;
*McKay, Macfarlane, Jackson & Ferguson,* for Appellee.

BUFORD, J.—The appeal brings for review a decree awarding judgment in favor of the plaintiff against the defendant, both as executrix under the will of Seymour H. Uhl and as an individual.

The record shows that Sarah C. Holbruner caused to be delivered to Seymour H. Uhl his lifetime bonds of the total value of $17,700.00 to be held by Uhl for Mrs. Holbruner. Uhl was the brother of Mrs. Holbruner and she was a woman of some eighty odd years of age. Uhl exchanged all except two of those original bonds for other United States Government bonds and surrendered those two bonds for the sum of $2,042.50. So it may be concluded that Uhl received $15,700.00 in bonds and the $2,042.50 in cash as trustee for Mrs. Holbruner. Thereafter, Mrs. Holbruner gave to two of her nieces each a $1,000.00 bond which Uhl delivered to them and she loaned to Uhl one $1,000.00 bond to be converted by him and used at a time when he was confined to a hospital, and $600.00 was applied on the payment of an automobile for Mrs. Holbruner.

So, this left Uhl holding $12,100.00 worth of bonds and $2,042.50 in cash as trustee for Mrs. Holbruner.

The record indicates that Uhl commingled the cash trust fund with his own money in his bank account and spent it and thereafter he died testate.

On November 23, 1937, under terms of the will of S. H. Uhl, deceased, letters testamentary were issued to Mary Uhl, his widow. Mrs. Holbruner filed her claim against the estate of S. H. Uhl in the sum of $17,700.00 in due time and made demand upon the executrix for the surrender of

possession of her property alleged to have been held by Uhl at the time of his death. The executrix refused to surrender possession of any property whatsoever, claiming that she had possession of no property belonging to Mrs. Holbruner. Thereupon, suit was filed in the Circuit Court in and for Hernando County to require the administratrix, Mrs. Uhl, to account for the trust property which it was alleged had come into her hands as executrix of the last will and testament of S. H. Uhl, deceased, and belonging to Mrs. Holbruner. The bill prayed for an accounting and injunction restraining the disposition of the described property and the appointment of a receiver to take over the property and hold the same until final disposition of the cause. A receiver was appointed but could find no property.

The court entered a final decree against Mary Uhl, individually, and as executrix of the last will and testament of Seymour H. Uhl in the sum of $18,026.50 and costs. The decree included interest from the date of Uhl's death to the date of the decree.

The appellant has presented three questions for our consideration, as follows:

1. "Has an alleged beneficiary of an estate the right to sue in equity for accounting against the legal representative without showing a reason why the probate court is incapable of administering relief?"

2. "If the right to sue in equity for accounting by a beneficiary against a legal representative is shown to exist, can such suit be extended to embrace a claim against an individual, even though it be the same person who is sued as legal representative of the estate?"

3. "Does the rule in equity which requires the retention of jurisdiction of a cause for administering full and com-

plete relief, permit the making of parties to the suit, persons against whom no equitable right is shown?"

First, we must observe that the parties defendant to this suit, Mary Uhl as executrix and Mary Uhl as an individual, are as separate and distinct in law as if they were in fact two different individuals. Mary Uhl as an individual claims that her husband gave her United States Government bonds in the sum of $12,000.00 shortly before his death. The logical conclusion from all the record is that these were the bonds which he held in trust for Mrs. Holbruner. Therefore, he had no title in the bonds which he could pass to a donee and the donee acquired only such title and interest as the donor had. Therefore, in law, from the time of the gift onward, she held those bonds in trust for Mrs. Holbruner. She claims that she has disposed of the bonds and spent the money. That establishes her liability as an individual to Mrs. Holbruner for the value of those bonds and, if this be true, Mary Uhl as executrix never came into possession of those bonds. This, however, would not relieve the estate of Seymour H. Uhl of the liability for his wrongful conversion of that $12,000.00 of bonds. In regard to this amount, Mary Uhl as executrix and Mary Uhl as an individual are severally liable to the plaintiff and a payment by one will discharge the other.

The opinion and judgment in the case of Phillips as Executor, et al., v. Sanchez, 35 Fla. 187, 17 Sou. 363, is not applicable because in that case no individual liability was shown to exist against Phillips as executor. While here, on account of the trust character of the property involved, the conversion of which is the foundation of the claim, and the participation by the testator, Seymour H. Uhl, and the individual Mary Uhl, in the transaction which resulted in a conversion of the trust property, both Seymour H. Uhl in his lifetime and Mary Uhl were liable and, after his

death, his estate and Mary Uhl were liable. See Cooey, *et al.*, v. Cooey, 132 Fla. 716, 182 Sou. 202.

As to the remainder of the claim, however, the record fails to show any liability as against Mary Uhl as an individual and, therefore, it was error to enter a joint and several judgment against Mary Uhl as executrix and Mary Uhl as an individual as to the remainder of the liability of Seymour H. Uhl at the time of his death to Mrs. Holbruner under authority of the Phillips case, *supra.*

The first question presented by the appellant is based upon an erroneous hypothesis and the record in this case shows that the probate court was incapable of rendering full relief as between the parties. The probate court had jurisdiction to allow claims against the estate of Seymour H. Uhl but it had no jurisdiction to enter a judgment against Mary Uhl as an individual. It also shows that to determine the liability of Mary Uhl as administratrix and of Mary Uhl as an individual, an accounting and compulsory disclosure of facts was necessary.

The second and third questions must be answered in the affirmative for like reasons.

The instant case is not ruled by the opinion and judgment in the case of Crosby v. Burleson, 142 Fla. 443, 195 Sou. 202, or Tyre v. Wright, *et al.,* 144 Fla. 90, 197 Sou. 864. In those cases the effort was to take over the administration of an estate which was then being administered by probate court. Here the suit is in recognition of the administration under the probate court and contemplates a continuance of that administration.

For the reasons stated, the decree is reversed with directions that the lower court enter a decree not inconsistent with the views herein expressed.

138

So ordered.

BROWN, C. J., TERRELL, THOMAS and ADAMS, J. J., concur.

WHITFIELD and CHAPMAN, J. J., not participating.