401 So.2d 1308 (1981)
In re ESTATE OF John W. FINCH, Deceased.
No. 59367.
Supreme Court of Florida.
June 18, 1981.
Rehearing Denied September 4, 1981.
Stephen J. McDonald of Hodges, Gossett, McDonald & Gossett, Hollywood, for petitioner.
Robert I. MacLaren, II, and Marshall O. Lloyd of Osborne & Hankins, Boca Raton, for respondent.
ADKINS, Justice.
We are asked to review the decision of the Fourth District Court of Appeal, reported at 383 So.2d 755, which passed on the validity and the compatibility of article X, section 4(c), of the Florida Constitution, and sections 732.4015 and 732.401(1), Florida Statutes (1977), relating to the devise of homestead property. We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. We affirm.
*1309 The parties involved concede that the real estate in question was homestead property and that the descent of such property is governed by article X, section 4(c) of the Florida Constitution. At the time of his death, decedent, John W. Finch, was survived by his spouse and his two adult daughters, petitioner and her half-sister. His will devised his condominium in Boca Raton, Florida, to his wife, Madeline F. Finch, for life with a vested remainder interest to petitioner, Judy Lynn Finch.
Mrs. Finch, respondent herein, moved to set aside the devise as homestead real estate. Her petition alleged that the property in question was homestead, that decedent was survived by a spouse and lineal descendants, and that the property should descend as provided in section 732.401(1), Florida Statutes (1977).
Article X, section 4(c), Florida Constitution, provides as follows:
(c) The homestead shall not be subject to devise if the owner is survived by spouse or minor child, except the homestead may be devised to the owner's spouse if there be no minor child. The owner of homestead real estate, joined by the spouse if married, may alienate the homestead by mortgage, sale or gift and, if married, may by deed transfer the title to an estate by the entirety with the spouse. If the owner or spouse is incompetent, the method of alienation or encumbrance shall be provided by law.
Similarly, section 732.4015, Florida Statutes (1977), states:
As provided by the Florida Constitution, the homestead shall not be subject to devise if the owner is survived by a spouse or minor child, except that the homestead may be devised to the owner's spouse if there is no minor child.
If a devise violates the Florida Probate Code and constitution, it descends by way of intestate succession, pursuant to section 732.401(1), Florida Statutes (1977), as follows:
(1) If not devised as permitted by law and the Florida Constitution, the homestead shall descend in the same manner as other intestate property; but if the decedent is survived by a spouse and lineal descendants, the surviving spouse shall take a life estate in the homestead, with a vested remainder to the lineal descendants in being at the time of the decedent's death.
The trial court considered the petition to set aside homestead and granted it over the objection of petitioner. On appeal, the district court affirmed.
Petitioner contends that the intent of the testator was to provide his wife with a life estate and the daughter of his choosing with a vested fee simple remainder interest, and that neither the statutes nor the constitution should frustrate this expressed intent. Furthermore, petitioner argues that neither the Florida Constitution, article X, section 4(c), nor section 732.4015, Florida Statutes, requires that the devise to the surviving spouse must be in fee simple absolute. We disagree with both of these contentions and adopt the position of the district court as our own. We hold, therefore:
[W]here a testator dies leaving a surviving spouse and adult children, the property may not be devised by leaving less than a fee simple interest to the surviving spouse. The Constitution states, "... except the homestead may be devised to the owner's spouse if there be no minor children." This exception is exclusive and prohibits the testator from devising less than a fee simple interest to his surviving spouse under the circumstances presented herein. Since the devise here was not a permitted one under the Constitution, the property passed in accordance with section 732.401(1), Florida Statutes (1977).
383 So.2d at 757.
The opinion of the district court is approved.
We overrule the decision of the fifth district in In Re Estate of Ritz, 385 So.2d 1102 (Fla. 5th DCA 1980).
It is so ordered.
*1310 SUNDBERG, C.J., and BOYD, OVERTON, ENGLAND, ALDERMAN and McDONALD, JJ., concur.