# IN RE: ESTATE OF LEWIS E. IANDOLI

## Case No. 82-0699

Seventeenth Judicial Circuit, Broward County

January 3, 1986

### APPEARANCES OF COUNSEL

Cecil Farrington and John W. Douglass for Angelina Iandoli, personal representative.

Carl H. Hoffman, Hoffman & Hertzig, P.A., for Marie Iandoli, respondent.

### OPINION OF THE COURT

RAYMOND J. HARE, Circuit Judge.

## FINAL ORDER ON PETITION TO SET ASIDE HOMESTEAD

THIS ACTION was heard on the Petition to Set Aside Homestead filed by Angelina Iandoli, as Personal Representative of this Estate. After taking testimony, examining the record and files of this proceeding, and considering the authorities submitted by and the arguments of counsel, the Court finds as follows:

### FINDINGS OF FACT

Lewis E. Iandoli (herein "Decedent") died testate on February 3, 1982. His Last Will and Testament dated November 10, 1970 (herein "The Will"), was admitted to probate by Order dated February 17, 1982. The Will devised one-half of Decedent's estate to his daughter, Marie Iandoli (herein "Marie"), and one-half to Decedent's second wife and widow, Angelina Iandoli (herein "Ann"), who is also Personal Representative of this Estate. The Will contains no specific mention of any particular property or homestead.

The Decedent was survived by his wife Ann and his daughter Marie, who was an adult on Decedent's date of death. With the exception of his daughter, Marie, the Decedent had no other lineal descendants.

At the time of his death, Decedent owned and resided on the following described real estate located at One Compass Road, Ft. Lauderdale, Florida (herein "Decedent's Residence Property"):

Lots 104 and 105, BAY COLONY SECTION OF THE LANDINGS, according to the plat thereof recorded in Plat Book 62, Page 34, of the Public Records of Broward County, Florida, consisting of 30,365 square feet.

The Decedent's Residence Property was located within the corporate limits of the City of Ft. Lauderdale at the time of the Decedent's death.

By establishing a dividing line running between the east and west boundaries of Lot 105 and ending at a point on the west boundary of Lot 105 located 75.51 feet from the southwest corner of Lot 105 (herein "Dividing Line"), the Decedent's Residence Property may be divided into a northerly portion consisting of 21,780 square feet (½ acre) (herein "Northerly Portion") and a southerly portion consisting of 8,585 square feet (herein "Southerly Portion"). The Decedent's dwelling house is located on the Northerly portion. The Southerly Portion contains no structures except a small open-air gazebo and a water fountain. The Northerly Portion is more fully described as follows:

61

All of Lot 104, and Lot 105, BAY COLONY SECTION OF THE LANDINGS, according to the plat thereof, recorded in Plat Book 62, Page 34, of the public records of Broward County, Florida, less the following described portion:

Beginning at the Southeast corner of said Lot 105; then North 14 degrees 15' 00" West, along the East line of said Lot 105, a distance of 18.00 feet to a point of curve; thence Northerly along a curve to the right, having a radius of 130 feet and a central angle of 12 degrees 36' 52", an arc distance of 28.62 feet to a point of tangency; thence North 1 degree 38' 08" West, a distance of 6.37 feet; thence South 84 degrees 41' 11" West, a distance of 129.77 feet to a point on the West line of said Lot 105; thence South 1 degree 15' 00" West, along the said West line, a distance of 75.51 feet to the Southwest corner of said Lot 105; thence North 75 degrees 45' 00" East, along the South line of said Lot 105, a distance of 143.84 feet to the Point of Beginning.

The full legal description of the Southerly Portion is as follows:

A portion of Lot 105, BAY COLONY SECTION OF THE LAND-INGS, according to the plat thereof, recorded in Plat Book 62, Page 34, of the public records of Broward County, Florida, more fully described as follows:

Beginning at the Southeast corner of said Lot 105; thence North 14 degrees 15' 00" West, along the East line of said Lot 105, a distance of 18.00 feet to a point of curve; thence Northerly along a curve to the right, having a radius of 130 feet and a central angle of 12 degrees 36' 52", an arc distance of 28.62 feet to a point of tangency; thence North 1 degree 38' 08" West, a distance of 6.37 feet; thence South 84 degrees 41' 11" West, a distance of 129.77 feet to a point on the West line of said Lot 105; thence South 1 degree 15' 00" West, along the said West line, a distance of 75.51 feet to the Southwest corner of said Lot 105; thence North 75 degrees 45' 00" East, along the South line of said Lot 105, a distance of 143.84 feet to the Point of Beginning.

The Dividing Line which sets off the Northerly portion is located in a position which separates one-half acre of the premises in such manner as to cause the least severance damage to the northerly one-half acre on which the Decedent's dwelling house is located and the least severance damage to property other than the northerly one-half acre, as a result of dividing the premises.

## CONCLUSIONS OF LAW

One-half acre of the Decedent's Residence Property constituted the

Decedent's homestead property at the time of his death, as defined in Article X, Section 4(c) of the Florida Constitution and Sections 732.401 and 732.4015, Florida Statutes. Here, the Decedent's homestead is comprised of the Northerly Portion of the Decedent's Residence Property consisting of 21,780 square feet (one-half acre) upon which the Decedent's dwelling house is located. The Southerly Portion consisting of 8, 585 square feet, though part of the same tract, is nonetheless in excess of the homestead. Consequently, the Southerly Portion is an asset of the probate estate to be included in the Decedent's residuary estate. However, a different rule applies to the homestead property.

Homestead property may be devised to the owner's spouse if there be no minor child. Florida Constitution, Article X, Section 4(c). Moreover, the general language of a residuary clause is sufficient to pass homestead property. *In re Estate of Murphy*, 340 So.2d 107 (Fla. 1976). However, homestead property may not be devised by leaving less than the fee simple interest to the surviving spouse. *In re Estate of Fince*, 401 So. 2d 1308, 1309 (Fla. 1981). Here, the Will provided for the widow and the daughter to each receive one-half of the Decedent's residuary estate. Consequently, the Will would operate to leave less than the entire fee simple interest to the surviving spouse. Such provision is prohibited under Article X, Section 4(c), Florida Constitution. Because the devise is not permitted under the Constitution, the homestead property must pass in accordance with Section 732.401(1), Florida Statutes. *In re Estate of Finch, supra.* Under the provisions of Section 732.401(1), Florida Statutes, the surviving spouse is to receive a life estate with a vested remainder to the lineal descendants in being at the time of the Decedent's death.

Accordingly, it is

ORDERED AND ADJUDGED as follows:

1. That the Decedent's widow, Angelina Iandoli, shall take a life estate in the following described real property with the remainder thereof passing to Decedent's sole lineal descendant, Marie Iandoli, upon the death of Angelina Iandoli:

All of Lot 104, and Lot 105, BAY COLONY SECTION OF THE LANDINGS, according to the plat thereof, recorded in Plat Book 62, Page 34, of the public records of Broward County, Florida, less the following described portion:

Beginning at the Southeast corner of said Lot 105; then North 14 degrees 15' 00" West, along the East line of said Lot 105, a distance of 18.00 feet to a point of curve; thence Northerly along a curve to

**63**

the right, having a radius of 130 feet and a central angle of 12 degrees 36′ 52″, an arc distance of 28.62 feet to a point of tangency; thence North 1 degree 38′ 08″ West, a distance of 6.37 feet; thence South 84 degrees 41′ 11″ West, a distance of 129.77 feet to a point on the West line of said Lot 105; thence South 1 degree 15′ 00″ West, along the said West line, a distance of 75.51 feet to the Southwest corner of said Lot 105; thence North 75 degrees 45′ 00″ East, along the South line of said Lot 105, a distance of 143.84 feet to the Point of Beginning.

2. That the following described real property shall be included as an asset of the probate estate to be included in the Decedent's Residuary estate:

A portion of Lot 105, BAY COLONY SECTION OF THE LANDINGS, according to the plat thereof, recorded in Plat Book 62, Page 34, of the public records of Broward County, Florida, more fully described as follows:

Beginning at the Southeast corner of said Lot 105; thence North 14 degrees 15′ 00″ West, along the East line of said Lot 105, a distance of 18.00 feet to a point of curve; thence Northerly along a curve to the right, having a radius of 130 feet and a central angle of 12 degrees 36′ 52″, an arc distance of 28.62 feet to a point of tangency; thence North 1 degree 38′ 08″ West, a distance of 6.37 feet; thence South 84 degrees 41′ 11″ West, a distance of 129.77 feet to a point on the West line of said Lot 105; thence South 1 degree 15′ 00″ West, along the said West line, a distance of 75.51 feet to the Southwest corner of said Lot 105; thence North 75 degrees 45′ 00″ East, along the South line of said Lot 105, a distance of 143.84 feet to the Point of Beginning.