504 So.2d 426 (1987)
Angelina IANDOLI, As Personal Representative of the Estate of Lewis E. Iandoli, Appellant,
v.
Marie IANDOLI, Appellee.
No. 4-86-0219.
District Court of Appeal of Florida, Fourth District.
February 18, 1987.
Rehearing and Clarification Denied April 16, 1987.
John W. Douglass and Cecil T. Farrington, Fort Lauderdale, for appellant.
Carl H. Hoffman, of Hoffman & Hertzig, P.A., Coral Gables, for appellee.
LETTS, Judge.
The trial judge ruled that although a constitutional homestead may be devised to the surviving spouse, (if there are no minor children), any devise to the widow of less than one hundred percent thereof is invalid. We affirm.
This controversy provides yet another chapter in the long saga of Florida's "legal chameleon"  the constitutional homestead.[1]
Under a former version of the state constitution, a "homestead" (i.e. real estate in Florida owned and resided upon by the head of a family with at least one member thereof) could not be devised by will if there were surviving children. In the applicable current version, disposition by will is only proscribed if there are minor children. See Art. X, § 4(c), Fla. Const.
In the case before us, the decedent was survived by a widow and an adult daughter and his will disposed of all of his estate by the residuary clause: "one half (1/2) thereof to my wife ... [and] one half (1/2) thereof to my daughter... ."
The trial judge was not without precedent to support his conclusion that such a devise to the widow was invalid in view of the Supreme Court opinion in In re Estate of Finch, 401 So.2d 1308 (Fla. 1981). In Finch, the court said the testator could not devise less than a fee simple interest to the surviving spouse. However, in that case, the devise invalidated was certainly less than a fee simple interest for in fact it was only a life estate. It is not a life estate that has been devised in the case before us now, it is a tenancy-in-common as to a fee simple interest. As the 1922 William Droper Lewis edition of Blackstone's Commentaries says:
Tenants-in-common are such as hold by several and distinct titles... . If there be two tenants-in-common of lands, one may hold his part in fee simple. Id. 658.
Notwithstanding what appears to us to be a clear distinction between a life estate, vis-a-vis a tenancy-in-common, Finch goes on to overrule In re Estate of Ritz, 385 So.2d 1102 (Fla. 5th DCA 1980), albeit without explanation. We find this overruled Ritz case to be analogous to the one before us now. In Ritz, the will gave the widow a life estate but also the right to sell it and retain 80% of the proceeds. Sub judice, the *427 widow got 50% of the fee simple. The case before us now and Ritz are not exactly on all fours, but the principle is the same. As a consequence, we believe Finch commands affirmance.
AFFIRMED.
WALDEN and STONE, JJ., concur.
NOTES
[1] Crosby & Miller, Our Legal Chameleon, the Florida Homestead Exemption: IV, 2 U. of Fla. L.Rev. 219 (1949).