509 So.2d 1256 (1987)
In re ESTATE OF John B. CLEEVES, Deceased.
Truda C. JEWETT, Appellant,
v.
SUN BANK/SOUTHWEST, N.A., and Valentina B. Cleeves, As Co-Personal Representatives of Estate of John B. Cleeves, Valentina B. Cleeves, David B. Cleeves, Susan C. Laws, Robert Raskin, Pamela Raskin, Kimberly Raskin, Lynn C. Simard, and Helen C. Fuller, Appellees.
David B. CLEEVES, Appellant,
v.
In re ESTATE OF John B. CLEEVES, Deceased, Appellee.
Nos. 86-2169, 86-2183.
District Court of Appeal of Florida, Second District.
July 10, 1987.
*1257 Lawrence A. Farese and Cathy S. Reiman of Cummings & Lockwood, Naples, for appellant, Truda C. Jewett.
Theodore L. Tripp, Jr., of Garvin & Tripp, P.A., Fort Myers, for appellant, David B. Cleeves.
Richard V.S. Roosa of Aloia, Dudley, Roosa, Cottrell, Sutton & McIver, Cape Coral, for appellees, Sun Bank/Southwest, N.A.
Valentina B. Cleeves; Gerald W. Pierce of Henderson, Franklin, Starnes & Holt, P.A., Fort Myers, for appellee, Valentina B. Cleeves, Individually.
PER CURIAM.
Truda C. Jewett and David B. Cleeves, the adult children of the decedent, John B. Cleeves, each appeal a trial court order which held that an undivided one-half interest in the decedent's homestead property passed to the surviving spouse, Valentina B. Cleeves, under the decedent's will and that the remaining undivided one-half interest descended in accordance with the provisions of section 732.401, Florida Statutes (1985). The appeals were consolidated for consideration by this court. We reverse that portion of the trial court's order which allowed an undivided one-half interest in the homestead property to pass to the surviving spouse under the decedent's will.
When the decedent died on May 28, 1985, he was survived by his wife, five adult children, and three adult grandchildren who are the children of a predeceased daughter. Article III of the decedent's will provided, "I give, devise and bequeath all real property and tangible personal property, *1258 equally to my son, DAVID B. CLEEVES, per stirpes, and my wife, VALENTINA B. CLEEVES, if she survives me, to be held as tenants in common."[1] The decedent owned certain real property upon which he resided with his wife at the time of his death. The copersonal representatives, Valentina B. Cleeves and Sun Bank/Southwest, N.A., petitioned the court for an order determining that the subject property did not constitute the homestead of the decedent and that upon decedent's death it became a probate asset and descended according to the above provision of the decedent's will.
The court found that the property did constitute the homestead of the decedent within the meaning of article X, section 4 of the Florida Constitution and that, therefore, only the undivided one-half interest devised to Valentina B. Cleeves, the surviving spouse, passed under article III of the will. The court further found that article III of the decedent's will was ineffective to pass the remaining one-half interest in the homestead property to David B. Cleeves and that, therefore, section 732.401 applied to that one-half so that the surviving spouse took a life estate in that half with a vested remainder in the lineal descendants in being at the time of the decedent's death, namely the decedent's five adult children and his three adult grandchildren. This timely appeal followed.
Appellant, Truda C. Jewett, contends that under Florida law, the decedent's attempt to devise the homestead property in equal shares to his wife and son is invalid. We agree.
Article X, section 4(c) of the Florida Constitution and section 732.4015, Florida Statutes (1985) provide that homestead property shall not be subject to devise if the owner is survived by spouse or minor child, except the homestead may be devised to the spouse if the owner is not survived by any minor children. The apparent purpose of the constitutional and statutory prohibition against and limitation on devise of the homestead is to protect those legally dependent on the decedent because of a family relationship. See In re Estate of Deem v. Shinn, 297 So.2d 611 (Fla. 4th DCA 1974). The attempted devise of an undivided one-half interest in the homestead property to the decedent's adult son, David B. Cleeves, is clearly contrary to the above provisions. The trial court, therefore, correctly determined that article III of the decedent's will cannot be given effect to the extent that it would convey any interest in the homestead property to the decedent's son. We believe, furthermore, that the decedent's attempt to devise an undivided one-half interest to his surviving spouse, rather than the entire fee, likewise was invalid.
The Florida Supreme Court held in In re Estate of Finch, 401 So.2d 1308 (Fla. 1981), that where a testator dies leaving a surviving spouse and adult children, the homestead property may not be devised by leaving less than a fee simple interest to the surviving spouse. Recognizing, as did the court in Iandoli v. Iandoli, 504 So.2d 426 (Fla. 4th DCA 1987), that there is a distinction between the life estate the testator attempted to devise in Finch and a devise as tenants-in-common as was attempted here, we nevertheless agree with the Iandoli court that the devise to a surviving spouse of less than 100% of the decedent's interest in homestead property is invalid.
As a title in fee simple is the highest quality of estate in land known to law, see State ex rel. Ervin v. Jacksonville Expressway Authority, 139 So.2d 135 (Fla. 1962), there logically can be only one fee in a particular parcel of property. See 22 Fla.Jur. 2d Estates, Powers, and Restraints § 8. By common law, however, several types of estates or interests, joint or several, may exist in the same fee. Walters v. Sheffield, 75 Fla. 505, 78 So. 539 (1918). A tenancy in common is one such type of joint interest or concurrent ownership that may exist in a fee. Although tenants in common hold by several and *1259 distinct title and any one tenant may hold his interest in fee simple, Iandoli, (in that the interest of a tenant in common may be of unlimited duration, freely alienable, devisable and inheritable), the undivided fractional interest of any one tenant by itself is not the fee simple interest as to that particular parcel of property. When the decedent attempted to devise his surviving spouse an undivided one-half interest in the homestead property, therefore, he did not devise the fee simple interest in the homestead property to her.
Furthermore, the distinguishing feature of a tenancy in common is unity of possession.[2]Andrews v. Andrews, 155 Fla. 654, 21 So.2d 205 (1945). Where there is an outstanding life estate in jointly held property, the owners of the remainder interest cannot be tenants in common since the unity of possession is lacking. Weed v. Knox, 157 Fla. 896, 27 So.2d 419 (1946). Since unity of possession is an essential element, remaindermen are not cotenants between themselves or with the life tenant. Cline v. Henry, 239 S.W.2d 205 (Tex.Civ. App. 1951). Consequently, under the trial court's order which grants the surviving spouse an undivided one-half interest in the homestead property plus a life estate in the remaining one-half with vested remainder in the decedent's adult children and adult grandchildren, there is no one with whom the surviving spouse can share possession. Because the unity of possession is lacking under the trial court's disposition of the homestead property, the surviving spouse's undivided one-half interest cannot be held as a tenant in common. The trial court's order, therefore, grants a greater interest to the surviving spouse than the decedent attempted to devise to her, i.e., an undivided one-half interest plus a life estate in the other undivided one-half interest. Such a result neither carries out the intent of the testator, who wanted his wife and son to hold the property as tenants in common, nor comports with the apparent purpose of the homestead provisions.
Appellant, David B. Cleeves, argues that the surviving spouse's petition as copersonal representative for an order to include the subject property as a probate asset and not homestead property evidenced her intent to allow the property to pass under the decedent's will, thereby waiving and relinquishing her constitutional and statutory claims to the homestead property. We disagree.
Although the courts do not favor a release of homestead rights, we realize that homestead rights may be legally dealt with by a surviving spouse in whom the rights have vested. Youngelson v. Estate of Youngelson, 114 So.2d 642 (Fla. 3d DCA 1959); see also, In re Ruch's Estate, 48 So.2d 289 (Fla. 1950). For instance, after the decedent's death, Mrs. Cleeves could have disclaimed her interest in the homestead by filing a signed writing in accordance with the requirements of section 732.801, Florida Statutes (1985). Mrs. Cleeves also could have waived her right to the homestead property by entering into a written contract to that effect with the decedent before or after their marriage. § 732.702, Fla. Stat. (1985). The petition Mrs. Cleeves filed as copersonal representative, however, is not a contract as provided for by section 732.702. Neither does the petition comply with the requirements provided in section 732.801(4)(a) for a disclaimer. Furthermore, Valentina B. Cleeves individually and Valentina B. Cleeves as copersonal representative of the decedent's estate are as separate and distinct in law as if they were in fact two different individuals. See Uhl v. Holbruner, 146 Fla. 133, 200 So. 359 (1941). The petition Mrs. Cleeves filed as copersonal representative of the estate, therefore, would not serve to waive or disclaim any interest which she has as an individual in the decedent's property.
*1260 Because we find that the decedent's attempted devise of the undivided one-half interest to his surviving spouse as well as the attempted devise of a comparable interest to his son is contrary to the constitutional and statutory homestead provisions as well as the supreme court's holding in Finch, the property must descend in accordance with the provisions of section 732.401(1). Accordingly, the surviving spouse, Valentina B. Cleeves, should take a life estate in the entire homestead with a vested remainder to the lineal descendants in being at the time of the decedent's death, i.e., the decedent's five adult children and his three adult grandchildren who are the children of a predeceased daughter.
Affirmed in part, reversed in part, and remanded for proceedings consistent herewith.
SCHEB, A.C.J., and CAMPBELL and SCHOONOVER, JJ., concur.
NOTES
[1] The residuary clause of decedent's will devised the rest, residue and remainder of decedent's property, real and personal, to his trustee Sun Bank/Sunwest National Association, to be held in trust.
[2] By unity of possession we do not necessarily mean actual possession. For instance, following a divorce the court may award exclusive possession of the marital home held as tenants in common to one of the parties for a specified period and allocate responsibilities for upkeep, insurance, and the like without altering the parties' interest in the marital home as tenants in common.