## IN RE: ESTATE OF MANUEL M. MANN
### Case No. 90-175 CP M
Fifteenth Judicial Circuit, Palm Beach County
November 20, 1990

## OPINION OF THE COURT

VAUGHN J. RUDNICK, Circuit Judge.

*ORDER ON PETITION FOR DETERMINATION OF
HOMESTEAD AND WILL CONSTRUCTION*

Labrene P. Mann, filed a petition for the construction of the Last Will and Testament of Manuel M. Mann and also a petition to determine homestead real property.

On December 18, 1989 the decedent, Manuel M. Mann, died; his will was admitted to probate on January 17, 1990 and Letters of Administration were issued. The decedent was not survived by a spouse or minor children; his closet lineal descendants are an adult daughter, Labrene P. Mann and two grandchildren, Mary M. Alvillar and John M. Mann (the children of a predeceased son of the decedent), neither grandchild is a minor. The assets of the deceased includes personal property valued at $158,067.56, a condominium located in Illinois

appraised at $100,000 and a condominium located in North Palm Beach, Palm Beach County, Florida. The decedent occupied the Florida condominium as his homestead at the time of his death; the appraised value of the Florida condominium of $59,500. The value of the gross estate, including the Florida homestead property, is $317,565.56.

The Last Will and Testament of the deceased executed April 27, 1989 provides all the rest, residue, and remainder of the property in the amount of $220,000 passes to specifically named devisees, prior to the sub-residuary clause in Paragraph M. The will provides that should the assets of the estate be insufficient to cover the specific devises, then the gifts shall lapse in reverse order and the court has determined the testator intended for the residuary clause (subparagraph M of Article III) lapse first, followed by the remaining subparagraphs in inverse order.

Under Article III, Section A, 2(1) the testator specifically devised $220,000 to various relatives, friends, and charitable institutions. Under Article III, M, the will stated,

"In consideration of the past and future care which will be given to my daughter, LABRENE P. MANN, I hereby give, devise and bequeath the entire rest, residue and remainder of my estate, both real and personal property, of whatsoever character and wheresoever situated, belonging to me at the time of the decease or over which I have the power of distribution to the EMMAUS HOME INC. FOR RETARDED CHILDREN, St. Charles, Missouri, for its general purposes."

Homestead property can be devised in the residuary clause of a will. *Estate of Murphy,* 340 So.2d 107 (Fla. 1976), *In re: Estate of Lois Mueller,* 419 So.2d 784 (2d DCA 1982), *Department of Health and Rehabilitative Services v Trammel,* 508 So.2d 422 (1st DCA 1987).

Under the Florida Constitution, Article X, Section 4 (1968 Revision), the homestead is subject to devise unless the deceased is survived by a spouse or minor child. As the decedent was survived by neither spouse or minor child, he was free to devise his property and there is no restriction under Florida law invalidating such a devise. As the deceased validly devised his homestead property to a nonlineal descendant he thereby made it part of his probatable estate and subject to creditors' claims.

It has been ascertained that because of administrative expenses should the FLorida homestead property not be included as a probatable asset of this estate, there will be insufficient monies to totally fund

168

all the specific gifts set forth in the decedent's will and abatement must be considered.

As the deceased specifically set forth a plan of abatement in his Last Will and Testament, it appears the gift of the homestead property will be called upon to first abate; hence, the beneficiary of that gift will receive something less than 100% of the gift. Argument was presented to the court that homestead property may not be devised by leaving less than a fee simple interest to the surviving spouse citing the cases of *Estate of Finch,* 401 So.2d 1208 (Fla. 1981) and *Iandoli v Iandoli,* 504 So.2d 426 (4th DCA 1987). These later cases are of no consequence in that they, and cases of a similar nature, all addressed a situation where the deceased was survived by a spouse with adult children, a factual scenario foreign to the case at bar.

Abatement has no relevance in a petition to determine homestead for the purposes of descent and distribution, and it is thereupon

ADJUDGED:

1. the decedent's Florida residence was his constitutional homestead at the time of his death pursuant to Article X, Section 4(a) of the Florida Constitution;

2. the decedent constitutional homestead was subject to devise because he was not survived by a spouse or minor child;

3. the decedent's homestead was properly devised through the residuary clause in his will to the Emmaus Home, Inc.;

4. the decedent's Florida homestead is a probate asset contained within his estate for administrative purposes over which the personal representative has a right of possession.

ORDERED at West Palm Beach, Palm Beach County, Florida on November 20, 1990.