682 So.2d 1159 (1996)
Josef BRUNS, Appellant,
v.
Rick E. BRUNS, an individual, Lauderdale Medical Management, Inc., a Florida Corporation, Dr. Rick E. Bruns, P.A., a Florida corporation, and Lauderdale Diagnostic & Therapy, Inc., a Florida corporation, Estate of Coreen Bruns, Jeannine Every, Howard Every, Jeffrey C. Ketterson, Gold Coast Medical Management, Inc., a Florida corporation, MRI Medical Services, Inc., a Florida corporation, and Medical Services of South Florida, Inc., a Florida corporation, Appellees.
No. 95-0995.
District Court of Appeal of Florida, Fourth District.
October 23, 1996.
Rehearing and Rehearing Denied December 5, 1996.
*1160 David D. Welch of Welch & Finkel, Pompano Beach, for appellant.
Edward J. Jennings, Fort Lauderdale, for Appellees-Rick E. Bruns, an individual, Lauderdale Medical Management, Inc., a Florida corporation, Dr. Rick E. Bruns, P.A., a Florida corporation, and Lauderdale Diagnostic & Therapy, Inc., a Florida corporation.
Rehearing and Rehearing En Banc Denied December 5, 1996.
PER CURIAM.
Appellant urged the trial court to decide this case on summary judgment. A movant may not ask the trial court to decide a specific question on summary judgment, asserting that there is no genuine issue of material fact, and then take the contrary position on appeal. See Wilmo on the Bluffs, Inc. v. CSX Transp., 559 So.2d 294 (Fla. 1st DCA 1990); Board of Pub. Instruction of Dade County v. Fred Howland, Inc., 243 So.2d 221 (Fla. 3d DCA 1970), cert. denied, 248 So.2d 167 (Fla.1971).
In any event, one alternative basis of the trial court's decision was that appellees were entitled to a constructive trust because Coreen Bruns had misappropriated funds from her husband and his corporations. As the trial court noted, once the funds were converted, the imposition of a constructive trust was proper, "regardless of where Coreen Bruns initially deposited or transferred the said funds." Because summary judgment was appropriate on the constructive trust theory, it does not matter that there may have been remaining fact issues on the type of account to which the converted funds were transferred. Appellees' entitlement to recover the converted monies did not turn on whether Coreen Bruns had once transferred the funds from an account by the entireties or a joint account with right of survivorship. Compare Sitomer v. Orlan, 660 So.2d 1111, 1114 (Fla. 4th DCA 1995).
AFFIRMED.
FARMER, KLEIN and GROSS, JJ., concur.