869 So.2d 738 (2004)
Barbara JOSEPH and Peggy Ann Aronowitz, Appellants,
v.
Lena CHANIN, Appellee.
No. 4D03-2009.
District Court of Appeal of Florida, Fourth District.
April 7, 2004.
*739 Jay L. Kauffman, of Herb & Mednick, P.A., Boca Raton, for appellants.
H. Michael Muniz, of Sachs, Sax & Klein, Boca Raton, for appellee.
MAY, J.
Personal jurisdiction, or lack thereof, is the focus of this appeal. The defendants, Barbara Joseph and Peggy Ann Aronowitz, appeal the trial court's order denying their motion to dismiss count three (conversion) for lack of personal jurisdiction. The plaintiff, Lena Chanin, cross-appeals that part of the trial court's order granting the motion to dismiss for lack of personal jurisdiction as to counts one and two (unjust enrichment and fraudulent conveyances). We affirm in all respects.
The plaintiff lived with the defendants' father for nine years. He passed away in November 2001. She filed a verified complaint alleging counts for unjust enrichment *740 and fraudulent conveyances. The complaint alleged that during their relationship, she had given the defendants' father money to deposit in a joint account for living expenses, and that he wrongfully deposited the money into a savings account, safe deposit box, and two certificates of deposit for the benefit of the defendants. Neither defendant is a resident of the State of Florida; however, they both traveled to Florida to close the savings account and safe deposit box, and cash the CDs after their father's death.
The trial court held a hearing on the defendants' motion to dismiss for lack of personal jurisdiction and entered an order dismissing the verified complaint without prejudice. The plaintiff filed an amended verified complaint. This complaint alleged three counts: (1) unjust enrichment, (2) fraudulent conveyances, and (3) conversion. The defendants once again moved to dismiss for lack of personal jurisdiction. This time, the trial court granted the motion as to counts one and two (unjust enrichment and fraudulent conveyances), but denied the motion as to count three (conversion).
Florida has established a two-prong test for determining jurisdiction over the person. Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla.1989). The court must first determine whether the plaintiff alleged sufficient facts to comply with Florida's long-arm statute, section 48.193, Florida Statutes (2001). Next, the court must determine if the defendant had sufficient minimum contacts with the State of Florida to satisfy due process.
The plaintiff alleged personal jurisdiction over the defendants as to counts one and two on the basis that they were "[o]perating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state." § 48.193(1)(a), Fla. Stat. (2001). The plaintiff argues that closing the savings account and safe deposit box and cashing the CDs constitute "carrying on a business or business venture." Relying on Silver v. Levinson, 648 So.2d 240 (Fla. 4th DCA 1994), the plaintiff suggests that if an isolated transaction by a nonresident can be sufficient to comply with due process, surely four transactions must satisfy due process. We disagree.
It is not necessarily the number of transactions, but rather the nature and extent of the transaction(s) that determines whether a person is "carrying on a business or business venture" within the state. Id. Here, while the defendants executed four transactions, they were not of a nature or extensive enough to constitute the "carrying on a business or business venture." The trial court correctly found the plaintiff's allegations inadequate to establish personal jurisdiction over the defendants as to counts one and two.
The trial court denied the motion to dismiss as it related to count three for conversion. In that count, the plaintiff alleged the defendants committed a tortious act in Florida by converting funds to which the plaintiff had a right of possession. These allegations satisfy the elements necessary to state a cause of action for conversion, defined as an act of dominion wrongfully asserted over another's property inconsistent with ownership. Warshall v. Price, 629 So.2d 903 (Fla. 4th DCA 1993).
In Silver, this court held that if the allegations are sufficient to establish that a tort was committed in Florida, they are also sufficient to establish personal jurisdiction over the person. Because the issue of personal jurisdiction was decided on a motion to dismiss, the trial court was restricted to the four corners of the pleadings. Bell v. Indian River Mem'l Hosp., *741 778 So.2d 1030 (Fla. 4th DCA 2001). The trial court correctly found that the plaintiff's amended verified complaint established personal jurisdiction for conversion.[1]
AFFIRMED.
KLEIN J. and HOROWITZ, ALFRED J., Associate Judge, concur.
NOTES
[1] We recognize that the trial court subsequently found the same amended verified complaint failed to state a cause of action for conversion and dismissed the complaint without prejudice. Not only is that order a non-final, non-appealable order, but it now conflicts with this court's holding. See D'Asaro v. Fla. Dep't. of Envtl. Prot., 846 So.2d 636 (Fla. 2003).