913 So.2d 1205 (2005)
Ellen SANDLER, Appellant,
v.
Michael JAFFE, as Personal Representative of the Estate of Mildred Jaffe, deceased, Appellee.
No. 4D03-3935.
District Court of Appeal of Florida, Fourth District.
October 19, 2005.
*1206 William Roach, Jr. of William Roach, Jr., P.A., Plantation, for appellant.
Robert J. Slotkin of Law Offices of Robert J. Slotkin, Fort Lauderdale, for appellee.
MILLER, KAREN, M., Associate Judge.
Ellen Sandler, appellant, appeals an order imposing a constructive trust on a New York bank account titled in the names of her husband and daughter. Appellee, Michael Jaffe, as personal representative of the Mildred Jaffe Estate, filed a cross-appeal of the trial court's decision denying an award of compensatory damages. This court has appellate jurisdiction pursuant to Florida Rule of Appellate Procedure 9.030(b)(1)(A).
Mildred Jaffe ("Mildred"), the decedent, had two adult children, Ellen Sandler ("Ellen") and Michael Jaffe ("Michael"). The record is undisputed that Mildred placed appellant's name on all of her bank accounts, including the Unibank savings account that is the subject of this appeal; that the account was jointly titled with a right of survivorship; and that she fully funded the account. As of May 1999, the account had a balance of approximately $90,000.
On June 1, 1999, Ellen withdrew $84,000 from the account, and simultaneously opened a separate account with Unibank, titled "Ellen Sandler, ITF Mildred Jaffe." On May 15, 2000, Ellen transferred the funds to a new account, titled in the name of her husband and daughter, at Greenpoint Bank in New York.
On May 19, 2000, Mildred filed suit against Ellen seeking return of the monies. Mildred alleged that she contributed all of the funds in the Unibank savings account; that her daughter's name was placed on the account "in contemplation of [her] incapacity due to her advancing age," that her daughter withdrew $84,000 from the account *1207 without her knowledge or consent, that her daughter deposited the funds into a separate account, and that upon learning of the withdrawal, she had demanded a refund, however, her daughter refused to comply.
On May 21, 2000, Mildred died and her son, as the personal representative of her estate, was substituted as the named plaintiff. On September 14, 2000, the court entered an order restricting the Greenpoint Bank account. Prior to the account being frozen, Ellen had withdrawn approximately $27,000 for her personal use. The balance remained in the restricted account pending further order of the court.
On September 3, 2003, the trial court entered judgment for the Estate, relying on Bruns v. Bruns, 682 So.2d 1159 (Fla. 4th DCA 1996), and imposed a constructive trust over the Greenpoint Bank account.
At trial, appellant improperly relied on section 655.78(1), Florida Statutes (2003), to advance her position that as a joint owner of the account she was entitled to withdraw the funds. Section 655.78(1) provides as follows:
Unless otherwise expressly provided in a contract, agreement or signature card executed in connection with the opening or maintenance of an account, including a certificate of deposit, a deposit account in the names of two or more persons may be paid to, or on the order of, either or any of such person or to, or on the order of, the guardian of the property of any such person who is incompetent, whether the other or others are competent. The check or other order for payment to any such person or guardian is a valid and sufficient release and discharge of the obligation of the institution for funds transferred thereby.
The intent of section 655.78(1) is to protect a financial institution from liability for distributing funds from a multiple-party account to any of the individual account holders. However, the relationship between a banking institution and the holders of a joint account does not in any manner shape the relationship between the account holders themselves. As such, while Ellen was authorized to withdraw the funds, she was not authorized to use the funds for her personal benefit. See In re Guardianship of Medley, 573 So.2d 892, 898 n. 4 (Fla. 2d DCA 1991).
Appellant's argument that, as a title holder on a joint account with right of survivorship, she was entitled to the funds upon her mother's death is without merit as the withdrawal occurred prior to her mother's death. In addition, appellant's argument that the funds were a gift is also without merit as the withdrawal occurred prior to her mother's death and despite demands, the funds were not returned.
The trial court found that appellant breached her fiduciary duty to her mother when she withdrew the $84,000 from the account and imposed a constructive trust on the Greenpoint bank account, which contained slightly over $59,000, for the benefit of the Estate. Appellee argues on cross-appeal that the trial court neglected to grant relief for the difference between the $84,000, which Ellen withdrew, and the $59,000, which was all that remained in the Greenpoint account. The trial court should have, consistent with its finding that Ellen improperly removed $84,000, have entered a judgment against Ellen for the balance.
We accordingly affirm the imposition of the constructive trust, but reverse and remand for a judgment to be entered against Ellen, consistent with this opinion.
FARMER and KLEIN, JJ., concur.