DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JG CONTRACTING COMPANY, INC.,**
Appellant,

v.

**TOWER INNOVATIONS DISTRIBUTION, LLC,**
Appellee.

No. 4D21-442

[February 16, 2022]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; James L. Martz, Judge; L.T. Case No. 502019CA005665MB.

Craig A. Goddy and Bradley S. Donnelly of Goddy & Donnelly, PLLC, Naples, for appellant.

Craig A. Tompkins of Craig Tompkins, PLLC, Boca Raton, for appellee.

PER CURIAM.

JG Contracting Company, Inc. (defendant) seeks review of a final default judgment entered against it after being sued on a breach of contract complaint filed by Tower Innovations Distribution, LLC (plaintiff). The trial court entered the default judgment without ruling on the defendant's pending motion to dismiss for lack of jurisdiction. We reverse because the trial court erred in entering the default judgment before determining if it had personal jurisdiction over the defendant.

## Background

The plaintiff alleged in its complaint that "a substantial part of the events and/or omissions giving rise to Plaintiff's claims occurred in Palm Beach County, Florida [where the] Defendant has systematic contacts and regularly conducts business" and that "[a]t all times relevant hereto, Defendant has been doing business within the State of Florida."

Because the defendant failed to respond to the complaint, the clerk entered a default. Before the trial court entered the final default judgment,

the defendant filed a motion to dismiss for lack of personal jurisdiction. In support of its motion, the defendant filed sworn affidavits asserting that it was headquartered in Pennsylvania and it never conducted business, bid upon, or pursued any construction projects in Florida. The affidavits also asserted that the defendant did not contract with or pay any subcontractors in Florida. Moreover, the affidavits asserted that the defendant's interactions with the plaintiff were all conducted in either Pennsylvania or Indiana.

Despite the irreconcilable allegations, the trial court entered a default final judgment for the plaintiff before determining if it had personal jurisdiction over the defendant. Thereafter, the trial court summarily denied the defendant's motion to dismiss for lack of personal jurisdiction based on its prior entry of the default judgment.

## Analysis

We review a trial court's ruling on a motion to dismiss for lack of personal jurisdiction de novo. *Wendt v. Horowitz*, 822 So. 2d 1252, 1256-57 (Fla. 2002) (citing *Execu-Tech Bus. Sys., Inc. v. New Oji Paper Co.*, 752 So. 2d 582, 584 (Fla. 2000)).

The plaintiff's complaint alleged that "a substantial part of the events and/or omissions" related to the claim took place in Palm Beach County. This allegation suggests the plaintiff sought to assert specific jurisdiction over the non-resident defendant based on our state's long-arm statute established in section 48.193(1)(a), Florida Statutes (2018). The plaintiff's complaint also alleged that "Defendant has systematic contacts and regularly conducts business in Palm Beach County, Florida." This allegation suggests that the plaintiff also sought to assert general jurisdiction over the defendant based on section 48.193(2) of the long-arm statute, which provides for jurisdiction over a non-resident "who is engaged in substantial and not isolated activity within the state … whether or not the claim arises from that activity." § 48.193(2), Fla. Stat. (2018).

We have articulated a two-prong test for determining jurisdiction over a non-resident. "The court must first determine whether the plaintiff alleged sufficient facts to comply with Florida's long-arm statute" and "[n]ext, the court must determine if the defendant had sufficient minimum contacts with the State of Florida to satisfy due process." *Russo v. Fink*, 87 So. 3d 815, 818 (Fla. 4th DCA 2012) (citing *Joseph v. Chanin*, 869 So. 2d 738, 740 (Fla. 4th DCA 2004)).

General jurisdiction requires sufficient facts showing substantial and non-isolated activity within the State as established by section 48.193(2). "The standard for an exercise of general personal jurisdiction is a much higher standard [than for specific jurisdiction]." *Glovegold Shipping, Ltd. v. Sveriges Angfartygs Assurans Forening*, 791 So. 2d 4, 11 (Fla. 1st DCA 2000). "The court must find that the defendant's contacts with the forum represent continuous and systematic general business contacts." *Id.* (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984)).

While the plaintiff's complaint contained conclusionary allegations that recite the statutory requirements for both specific and general long-arm jurisdiction against the defendant, the complaint's factual allegations belie the plaintiff's conclusionary allegations. The complaint itself concedes that the defendant is incorporated and headquartered in Pennsylvania and that the subject contract was for a project located in Maryland. Moreover, the invoice attached to the complaint contains no Florida address. Instead, the invoice shows the plaintiff with an Indiana address and directs the defendant to send payment for the subject contract to Minnesota.

The defendant filed affidavits pursuant to the procedure established by our supreme court for contesting personal jurisdiction. *See Venetian Salami Co. v. Parthenais*, 554 So. 2d 499, 502 (Fla. 1989) ("A defendant wishing to contest the allegations of the complaint concerning jurisdiction or to raise a contention of minimum contacts must file affidavits in support of his [or her] position."). Upon filing the affidavits disputing the jurisdictional allegations in the complaint, the burden shifted to the plaintiff "to prove by affidavit the basis upon which jurisdiction may be obtained." *Id.* If the "affidavits cannot be reconciled" the trial court must "hold a limited evidentiary hearing in order to determine the jurisdiction issue." *Id.* at 503.

Relying upon the default judgment, the plaintiff did not file any opposing affidavits. However, "[a] judgment that is entered against a defendant over whom the court lacks personal jurisdiction is a void judgment." *Wiggins v. Tigrent,* Inc.*, 147 So. 3d 76, 81 (Fla. 2d DCA 2014). Moreover, "[d]ue process requires that the circuit court must have first acquired jurisdiction . . . before it could contemplate entering an in personam judgment against [a defendant]." *Id.* at 84. Thus, we conclude that the trial court erred in entering the default judgment before determining if it had jurisdiction over the defendant.

**Conclusion**

3

Accordingly, we reverse and remand for the trial court to vacate its prematurely entered default judgment and provide the plaintiff an opportunity to respond to the defendant's affidavits. If the affidavits cannot be reconciled, the trial court shall hold an evidentiary hearing to determine if it had jurisdiction over the defendant.

*Reversed and remanded with instructions.*

WARNER, GERBER and ARTAU, JJ., concur.

\*     \*     \*

***Not final until disposition of timely filed motion for rehearing.***