ON PETITION FOR REHEARING GRANTED
CARROLL, DONALD K., Acting Chief Judge.
On August 31, 1971, this court entered a per curiam order affirming the judgment appealed from herein. The appellant thereafter filed a petition for a rehearing of the said order. On December 8, 1971, we entered an order granting the petition and scheduled the cause for re-argument in the light of the decision of the Supreme Court of Florida in First National Bank of Leesburg v. Hector Supply Co., 254 So.2d 777 (Fla.1971). The said argument having been heard and the said per curiam order of affirmance having been reconsidered, we adopt the following *855 as our opinion and judgment in this cause.
The plaintiff in an action against his deceased wife’s niece to recover the proceeds of several bank and savings accounts has appealed from an order entered by the Circuit Court for Bradford County denying his motion for a judgment on the pleadings and rendering judgment in favor of appellee.
The sole question presented for our determination in this appeal is: when bank and savings accounts are established specifically in the name of both husband and wife as joint tenants with the right of survivorship, can either spouse, without the assent of the other, alienate or terminate the estate thus created by giving the assets to a third party so as to defeat the rights of the remaining spouse?
The plaintiff alleges in his amended complaint that his late wife, shortly before her death and without his knowledge or consent, closed certain bank and savings accounts which had been established in their joint names with the right of sur-vivorship, and gave the proceeds thereof to her niece, the defendant-appellee. This allegation was denied by the defendant in her answer. The plaintiff filed a motion for a judgment on the pleadings, contending that he was entitled to the proceeds of those accounts as a matter of law.
The seven bank and savings accounts involved in this litigation, according to the exhibits attached to the plaintiff’s amended complaint, are as follows:
The first account is a joint account in the Florida Bank at Starke, Florida, which provides in the signature card that the funds in said account were “ . . . the joint property of the undersigned,” and that:
“You are authorized to recognize either of the signatures below in payment of funds or the transaction of any other business. Either one or both or the survivor to sign checks. The signature of either one to be sufficient for withdrawal of all or any part of the funds standing to the credit of this account.”
The said account was in the name of John P. Simpson, Sr., or Isabel F. Simpson and each signed the signature card.
The second account is a joint account at First Federal Savings and Loan Association of Starke, the signature card providing on its face that John P. Simpson, Sr., or Isabel F. Simpson hold:
“as joint tenants with right of survivor-ship and not as tenants in common, and not as tenants by the entirety, . . .”
Said card further states on its face that
“You are directed to act pursuant to any one or more of the joint tenants’ signatures, shown below, in any manner in connection with this account and, without limiting the generality of the foregoing, to pay, without any liability for such payment, to any one or the survivor or survivors at any time.”
The third account is a joint account at Guaranty Federal Savings and Loan Association of Gainesville, which account is applied for “As tenants by the entirety with the right of survivorship. . . .” The signature card provides in part on its face:
“You are directed to act pursuant to writing bearing the signature of any one of the tenants shown below in all matters related to this account.”
The card further provides in part:
“The payment or delivery of the withdrawal value of this account or other rights related thereto may be paid or delivered in whole or in part to either of the undersigned, who shall first act,..."
The fourth account is a joint account in the name of John P. Simpson or Isabel F. Simpson in First Federal Savings and *856 Loan Association of Gainesville, Florida, described on the face of the signature card as a:
“Joint Account with Right of Survivor-ship”
and expressly stating on its face that:
“Specimen signatures of each account holder appears below, and the association is hereby authorized to act without further inquiry in accordance with writings bearing any such signature.”
and stating on its face that:
“This account or any part thereof and dividends thereon may be withdrawn by any one of the undersigned persons or by the survivor or survivors thereof,..."
The fifth account is a joint account held by John and Isabel Simpson in the Fidelity Federal Savings and Loan Association of Jacksonville, the signature card stating that it is:
“JOINT AND SURVIVORSHIP ACCOUNT (One signature required for withdrawal)”
and is to be held:
“As joint tenants with rights of survivor-ship and not as tenants in common, and not as tenants by entirety, ...”
and further stating that:
“The Association is authorized to act pursuant to writings bearing any one or more of the joint tenants’ signatures shown below, in any manner in connection with this account and to pay all or any part of the funds credited to this account, without any liability for such payment, to or upon the signature of any one of the undersigned tenants or the survivor or survivors at any time.”
The sixth and seventh accounts are each a savings account in the First Federal Savings and Loan Association of Starke, Florida, in the name of John P. Simpson, Sr., or Isabel F. Simpson, stating on the signature cards of each that said accounts were held:
“As Joint Tenants with the Right of Survivorship and not as Tenants in Common.”
In the order appealed from herein, denying the plaintiff’s motion for a judgment on the pleadings, the Circuit Court held with reference to the above accounts:
“ . all of the above accounts were joint accounts with right of survivorship. Each party had the right to withdraw any or all funds without the consent of the other party.”
One of the decisions most heavily relied upon by the plaintiff in support of his basic contention in this appeal is Glasser v. Columbia Federal Savings & Loan Association, 197 So.2d 6 (Fla.1967). In that case the Supreme Court of Florida said, in effect, that either party may possess or use property held jointly by husband and wife, but neither, without the consent of the other, may change the character of the estate. In the Glasser case a check named a husband and wife as payees, which check was cashed by the husband without the knowledge or consent of the wife.
The case at bar, in our opinion, is controlled by the principles recognized by the Supreme Court of Florida in the recent case of First National Bank of Leesburg v. Hector Supply Company, 254 So.2d 777 (Fla.1971).
The question before our Supreme Court in the Hector Supply case was whether “a joint checking account, maintained by a husband and wife, may be garnisheed for payment of the husband’s judgment debt.” Hector Supply held a judgment against Noah Peterson and brought garnishment proceedings against a bank, as garnishee, fot collection against an account held by Peterson and his wife. The bank responded that the account was held jointly by the Petersons as a tenancy by the entireties and so the account was not subject to the *857 individual debts of Noah Peterson. The trial court granted Hector Supply’s motion for a summary final judgment stating that the bank account maintained by Peterson at the bank is not held by him as an estate by the entireties with his wife.
In a scholarly opinion authored by Mr. Justice Carlton, the history of the doctrine of the estate by entireties was traced from its beginnings in the English common law. In the course of its opinion the Supreme Court had occasion to discuss the decision in Hagerty v. Hagerty, 52 So.2d 432 (Fla.1951) as follows:
“In reaching its decision that the Peterson’s account was defective as to form, the District Court followed the suggestion in the Glasser case, supra, that the power to individually alienate the assets in a joint account held by married persons was inconsistent with the essential unity of possession, or control. We first examined the argument about individual alienability defeating the form of the estate in Hagerty v. Hagerty, supra. Our conclusion was that the unity of possesssion or control would not preclude one spouse from acting for the other because when an account was payable on the order of the husband or his wife, there was an immediate expression of authority of agency for either to act for both.”
Later in the opinion the Supreme Court in the Hector Supply case declared its preference for the Hagerty rule as against that in Glasser, as follows:
“Today, we again state our preference for the holding given in Hagerty, supra. We move in this direction, and away from the suggestion in Glasser, supra, because of the existence of Fla.Stat. § 708.09 F.S.A. This statute allows for the passage of powers of attorney between spouses. If this is allowed by statute, then we perceive no reason why the statute cannot coalesce with the tenancy by the entirety so as to allow one spouse to draft checks in behalf of both. So long as a bank account contract or signature card is drafted in a manner consistent with the essential unities of the entireties estate, and so long as it contains a statement of permission for one spouse to act for the other, the requirements of form of the estate will have been met. However, since the form will be similar to that of a joint tenancy, and since the spouses may or may not intend that a tenancy by the entireties should result, the intention of the parties must he proven unless the instrument creating the tenancy clearly bears an express designation that the tenancy is one held by the entireties.”
The Supreme Court then quashed the opinion of the District Court of Appeal and remanded the cause for further proceedings.
The heart of the decision in the Hector Supply case is, as we read it, the fact that Sec. 708.09, Florida Statutes, F.S.A. allows for the passage of powers of attorney between the spouses.
In the Hector Supply case the crucial question was whether the bank account standing in the name of the husband and wife was subject to garnishment for the debts of the husband, and the Supreme Court held that if the account was in fact established as an estate by the entirety, garnishment would not lie. It was for that reason the cause was remanded to the trial court with directions that a determination as to the character of the account be made. No such question is involved in the case sub judice. We are here concerned only with whether either spouse possesses the legal right to withdraw all or any part of a bank account established in their joint names when the documents executed by the parties give each the tight to withdraw all or any part of the account. Under these circumstances, it is immaterial whether the account is held in an estate by the entireties or a joint tenancy with right of survivorship. In either event, the *858 answer to the question with which we are presented would be the same.
In our opinion, in the seven accounts before us in this appeal, the signature cards contain a sufficient statement of permission for one spouse to act for the other, so that Mrs. Simpson was within her contractual rights in closing out the seven accounts before she died.
Therefore, the order appealed from herein must be and it is
Affirmed.
WIGGINTON and RAWLS, JJ., concur.