283 So.2d 566 (1973)
Lester SHEELER et al., Appellants,
v.
UNITED STATES BANK OF SEMINOLE, etc., et al., Appellees.
No. 71-935.
District Court of Appeal of Florida, Fourth District.
October 12, 1973.
Gary H. Neely, Daytona Beach, for appellants.
No appearance for appellee.
WALDEN, Judge.
In response to appellants' Point II, are monies held in a joint bank account of a husband and wife as a tenancy by the entirety subject to garnishment (or execution) to pay the individual debt of one of the parties? The answer is "no" and we so hold.
The trial court had answered this question in the affirmative, relying upon First National Bank of Leesburg v. Hector Supply Co., Fla.App. 1970, 236 So.2d 204. Subsequently, as we discovered, the Supreme Court of Florida quashed and took the opposite tack in First National Bank of Leesburg v. Hector Supply Co., Fla. 1971, 254 So.2d 777. It is clear from the terms of the bank signature card that an estate by the entireties was expressly created and so we need only to reverse and remand with instructions to vacate and dissolve the order in garnishment upon authority of First National Bank of Leesburg v. Hector Supply Co., Fla. 1971, 254 So.2d 777.
As to Point I, we observe that it lacks merit substantively under the principle announced in Northside Motors of Florida, Inc. v. Brinkley, Fla., 282 So.2d 617, opinion issued July 31, 1973. Additionally, the point is procedurally infirm as it could only be raised by appeal from the 1969 final judgment  this not having been done.
Reversed and remanded for proceedings consistent herewith.
Reversed and remanded.
OWEN, C.J., and MAGER, J., concur.