PER CURIAM.
The Bank of Coral Gables (bank) appeals from final orders of the Circuit Court for Dade County dissolving an order of garnishment against appellee Troster, Singer, Stevens, Rothchild Corp. (garnishee), and an- order assessing attorney’s fees against the bank.
A garnishment proceeding was brought by the bank to collect on a $61,369.88 judgment it had been awarded against Richard L. Newberg, a stockbroker employed by the garnishee. Subsequently, a writ of garnishment was served upon the garnishee. The garnishee responded by letter that it held in a special account the sum of $42,470, representing commissions from trades made by Newberg, that $37,500 of the $42,470 was held by the garnishee as an offset against trading losses and that the actual amount Newberg could draw from the account was $4,970. The bank moved for the entry of final judgment against the garnishee. The garnishee filed an answer to the writ of garnishment and counterclaimed against the bank for attorney’s fees and costs. Newberg filed a motion to dissolve the writ of garnishment on the ground that the money attached was owed to Newberg for personal services and labor, and therefore exempt from garnishment as he was the head of a family residing in this state. See § 222.11, Fla.Stat. (1983). He filed, together with such motion, an affidavit attesting that he was the head of a family residing in Florida, that the money attached was earnings from commissions for services rendered and that he was an employee of the garnishee. The *248 bank filed an affidavit denying certain facts set out in Newberg’s affidavit. The bank alleged that the money in the account was derived from commissions earned by Newberg from his employment as an independent contractor for the garnishee. The trial court held a hearing on the matter. At the hearing, the bank sought a trial on all the issues. The trial court denied the bank’s request and entered an order dissolving the writ of garnishment. The court also entered a second order taxing the garnishee’s attorney’s fees against the bank.
The dispositive point on appeal is whether the trial court erred in not proceeding to trial on all issues.
Section 222.12, Florida Statutes (1985), provides that where a judgment debtor files an affidavit stating that the money attached is due for his labor and services and that he is the head of a family, if the facts set forth in such affidavit are timely denied by the party who sued out the process, as was done here, “then the matter shall be tried by the court from which the writ or process issued.” See Elvine v. Public Finance Co., 196 So.2d 25 (Fla. 3d DCA 1967).
We find merit in the bank’s contention that the trial court erred in its failure to grant a trial on all issues. Accordingly, the orders appealed are reversed and the cause remanded for further proceedings.
Reversed and remanded.