**In re Frank James PARKER and Beverly Estes Parker, Debtors.**

**Bankruptcy No. 91-6497-BKC-3P7.**

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

Nov. 17, 1992.

Alan P. Woodruff, St. Petersburg, Fla., for debtors.

Alexander G. Smith, Jacksonville, Fla., for trustee.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This case is before the Court upon Trustee's Objection to Exemptions Claimed by Debtors. A hearing was held on April 15, 1992, at which time the Court directed the parties to submit proposed Findings of Fact and Conclusions of Law, as well as briefs on the law. Based on the cases of *Patterson v. Shumate,* — U.S. —, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992), issued by the United States Supreme Court, and *In re Schlein,* 90–594–CIV–ORL–18, 1992 WL 404741 (M.D.Fla.1992), issued by United States District Court for the Middle District of Florida, the Court requested supplemental briefs from the parties. The supplemental briefs submitted by the parties indicate that neither party believes that either of the two cases alters the debtors' claim of exemptions or the pending objection. Upon the evidence presented, the Court enters the following Findings of Fact and Conclusions of Law:

### Findings of Fact

The debtors, Frank James and Beverly Estes Parker, filed a chapter 7 petition for relief on December 12, 1991. Schedule I listed debtor Frank James Parker's net monthly income as $3,644.00 and debtor Beverly Estes Parker's net monthly income as $150.00. Schedule C debtors listed various property as exempt, including a residual interest in a deferred compensation investment pool at Prudential Securities of unknown value and funds in a bank account at American National Bank. Both claims of exemption were based upon FLA. STAT. ch. 222.01 et seq.

Debtor Frank James Parker was employed by Prudential–Bache as a stockbroker and was a salaried employee rather than a commissioned salesperson.

On July 1, 1986, debtor Frank James Parker and his employer entered into an agreement that provided for this debtor sharing in "certain interests in connection with Direct Investment."

Participation in the investment pool was limited to certain employees of Prudential–Bache designated by the company. The participants were granted "Subsidiary Participation Interests" which entitled them to share in the gross proceeds actually received from certain investments. Distributions were made on an annual basis.

The debtor's interests in the investment pool vested at the rate of twenty percent per year, and at the time he left the employ of Prudential–Bache he was fully vested at one hundred percent.

During 1991, debtor Frank James Parker received approximately $48,000.00 from the investment pool. The prior year he had received $44,506.90 from the pool. The funds were included on debtor's paycheck stub and on his W–2 form in the wages, tips, and other compensation box. Income taxes, social security and unemployment taxes were withheld from these distributions.

Subsequent to employment with Prudential–Bache, debtor Frank James Parker took a position with Alliance Capital Corporation ("Alliance"). During the course of his employment with Alliance, he incurred business expenses for which the company agreed to reimburse him.

The expenses were initially paid from the funds in debtors' American National Bank account. Upon receiving reimbursement from the company, debtors deposited the funds in the same account.

In addition, debtor Frank James Parker's paychecks were directly deposited into this account.

From November 14, 1991, through December 13, 1991, debtors deposited a total of $15,509.45 into the American National Bank from the expense checks. During the same time period, debtors made various withdrawals from automatic teller machines totalling $1,300.00.

Testimony adduced shows that of the $5,896.73 on deposit in the account on the date of filing, $4,597.02 was attributable to outstanding expenses, and the balance con-

stituted funds from his payroll direct deposits.

### Conclusions of Law

Commencement of a bankruptcy case creates an estate consisting of all debtors' property pursuant to § 541. However, a debtor may exempt certain property from the estate pursuant to § 522.

Section 522 provides for two exemption schemes. Florida has opted out of the federal exemptions and provides for exemptions under state law. The relevant statute at issue in the case at bar is FLA.STAT. ch. 222.11, which provides:

*Exemption of wages from garnishment.* No writ of attachment or garnishment or other process shall issue from any of the courts of this state to attach or delay the payment of any money or other thing due to any person who is the head of a family residing in this state, when the money or other thing is due for the personal labor or services of such person. As used in this section, the term "head of family" includes any unmarried, divorced, legally separated, or widowed person who is providing more than one-half of the support for a child or other dependent. This exemption shall apply to any wages deposited in any bank account maintained by the debtor when said funds can be traced and properly identified as wages.

■ The debtors have the burden of proving entitlement to an exemption. *In re Estridge,* 7 B.R. 873, 874 (Bankr.M.D.Fla. 1980). In order to meet that burden, debtor husband must initially establish that he is the head of a family residing in Florida.

■ The schedules indicate that debtor Frank James Parker is the primary source of support for he and his wife and that they live in Ponte Vedra Beach, Florida. Beverly Estes Parker's income is nominal and insufficient to sustain the family. Accordingly, debtor Frank James Parker qualifies as the head of a family residing in Florida.

### 1. Prudential–Bache Investment Pool

■ With regard to the investment pool, debtor argues that by exempting payment of "money or *other thing* " (emphasis added), the Legislature intended to exempt "things" other than money or money equivalents *per se.* Thus, the argument is made that payment to an investment broker of interests in investments produced during the course of his employment constitutes payment in kind which qualifies as an exemption.

Debtors also contends that because the earnings are derived by virtue of time worked and are subject to withholding taxes, the funds constitute wages. Consequently, debtor husband asserts that his interest in the investment pool was conferred on him based solely on this services as an employee and the distributions are exempt under FLA.STAT. ch. 222.11.

Debtors' argument is flawed in that it discounts the significance of the requirement that the payment be "due for personal labor or services." This Court underlined the importance of such condition in *In re Locke,* 99 B.R. 473 (Bankr.M.D.Fla. 1989). In that case the debtor owned a mare that had foaled a thoroughbred race horse. Although he had cared for the foal for its first two years, the debtor no longer owned the horse. However, he was entitled to receive a percentage of any future winnings.

This Court found that FLA.STAT. ch. 222.11 was designed to protect the "fruit of one's labor for the benefit of his family." The statute was not intended to safeguard earnings from passive investments. *Id.* at 474. This conclusion was based on the fact that the Legislature had used the word "personal" to describe the labor and services. *Id.; In re Montoya,* 77 B.R. 926, 928 (Bankr.M.D.Fla.1987).

In the case at bar, the income derived from the investment pool is in the nature of passive income, much as the future winnings in *Locke* were. The agreement between debtor Frank James Parker and Prudential–Bache does not predicate distribution on performance of personal services by the employee. Instead, the agreement is designed more as an employee benefit that

provides passive income to the recipient. Accordingly, trustee's objection to exemption as to the Prudential–Bache investment pool is sustained.

### 2. American National Bank Account

■ The debtors also claim the funds in an account at American National Bank as exempt wages. The only deposits into the account were debtor husband's payroll checks and expense reimbursements from his employer. Various withdrawals from automatic teller machines were made from the account.

He argues that the phrase "or services" in the statute has meaning distinct from the term "labor" and the exemption is intended to apply to all payments made for the performance of services. He contends that he performed a service for his employer by incurring expenses and advancing the costs and argues that the reimbursements constitute money paid for services and are exempt under FLA.STAT. ch. 222.11.

Debtor's interpretation discounts the necessity that the compensation be for personal labor or services. In *Patten Package Co. v. Houser*, 102 Fla. 603, 136 So. 353 (1931), the Florida Supreme Court addressed the question of whether a party hired to make deliveries rendered personal labor or services such that his compensation qualified for the exemption. The defendant in *Patten* had a corporation that delivered petroleum products. He and his son used the company truck to make the deliveries. The garnishee had hired defendant on various occasions and owed him $703.19 for such deliveries.

The Florida Supreme Court, holding that the exemption statute did not afford protection to the amount held by the garnishee, stated:

> The $703.19 was not to come to him as compensation for his personal labor and services. It was to come to him as compensation for delivery of the petroleum products for the Gulf Refining Company, but was to pay the expenses which he had advanced or incurred in and about making such delivery with the net amount left thereafter to be divided equally between himself and son. There-

fore, it was for the expense account, for the services of the adult son, and for his services rendered.

> It appears to us that the exemption statute cannot be construed to extend to cover a case of this kind.

*Id.* at 608, 136 So. at 356. Because the Court could not determine the exact portion of the amount due that was attributable to defendant's personal labor or service, the amount was not exempt from garnishment.

The *Patten* Court implicitly holds that business expenses are not based on personal labor or services as required by FLA. STAT. ch. 222.11. Thus, such funds are not entitled to exempt status.

In the case at bar, debtor husband commingled his wages in an account with the non-exempt expense reimbursement funds. In addition various withdrawals were made from the account. Having commingled the funds, he cannot trace his earnings and the monies in the account are not entitled to exempt status. Accordingly, trustee's objection to exemption as to the American National Bank account is sustained.

A separate order sustaining trustee's objection to exemptions claimed by debtors will be entered.