725 So.2d 436 (1999)
Shelman MORSE, Appellant,
v.
KOHL, METZGER, SPOTTS, P.A., Appellee.
No. 98-1306
District Court of Appeal of Florida, Fourth District.
February 3, 1999.
Russell S. Bohn of Caruso, Burlington, Bohn & Compiani, P.A., and Barry L. Clayton, West Palm Beach, for appellant.
Michael K. Spotts and Karen M. Dobbins of Kohl & Spotts, P.A., Stuart, for appellee.
PER CURIAM.
We reverse an order denying Appellant's verified motion to dissolve a post-judgment writ of garnishment that Appellee obtained against the garnishee-bank where Morse and his wife have a joint account.
Appellant's motion to dissolve is on the ground that he and his wife hold the account as tenants by the entirety, and therefore the account could not be garnished to pay a debt owed solely by Appellant. The trial court held an evidentiary hearing on the motion. Appellant presented the testimony of Thomas Wiesenforth, the bank employee who opened the account, and the testimony of Mr. Morse.
In its order, the trial court recited the applicable law governing a determination of whether an account is a tenancy by the entirety. See First Nat'l Bank of Leesburg v. Hector Supply Co., 254 So.2d 777 (Fla.1971); Sitomer v. Orlan, 660 So.2d 1111 (Fla. 4th DCA 1995); Gibson v. Marr, 395 So.2d 1278 (Fla. 4th DCA 1981). Addressing the factors to be considered in determining whether a married couple intended to establish a tenancy by the entireties account, the trial court concluded that one of the four "unities"the *437 unity of possession (joint ownership and control) had not been proven by Morse.
It is undisputed that the account was opened by Mr. and Mrs. Morse and that both signed the signature card, which specifically and clearly designates the account as one held as tenants by the entirety. The Morses advised Wiesenforth that they wished the account to be a tenancy by the entirety account, and the bank opened it in that fashion. At the time the account was opened, the judgment in this case did not exist. Nevertheless, the court was apparently influenced by testimony that Appellant signs virtually all the checks issued on this account and that Mrs. Morse maintains a separate bank account. Additionally, only Appellant contributes funds to the entireties account, although both Mr. and Mrs. Morse made use of the account funds for marital (household) expenses.
Notwithstanding the foregoing, we conclude that the intent of the Morses to establish a tenancy by the entireties account is established by the clear and unambiguous wording of the signature card. Leesburg, 254 So.2d at 781. It was therefore error for the trial court to proceed to evaluate the manner in which the account was used, as this court did in Sitomer v. Orlan, to determine whether the account was simply a joint account or a tenancy by the entireties account.
In Leesburg, the Florida Supreme Court, after discussing the difficulties in applying the "tenancy doctrine" to personalty, concluded:
So long as a bank account contract or signature card is drafted in a manner consistent with the essential unities of the entireties estate, and so long as it contains a statement of permission for one spouse to act for the other, the requirements of form of the estate will have been met. However, since the form will be similar to that of a joint tenancy, and since the spouses may or may not intend that a tenancy by the entireties should result, the intention of the parties must be proven unless the instrument creating the tenancy clearly bears the express designation that the tenancy is one held by the entireties.

For the foregoing reasons, we find that the Peterson's signature card was compatible with the form required of an estate by the entirety in a bank account. The courts below erred in holding otherwise. However, since [emphasis added] the signature card did not expressly identify the account as one held by the entireties, this case must be remanded for a determination of the intentions of the Petersons in regard to their account. If it is proven that they desired an estate by the entireties, then the account cannot be garnished on account of the individual debts of Noah Peterson.
254 So.2d at 781. (Emphasis in original except where indicated).
We emphasize that it cannot be disputed that the account here was clearly designated as a tenancy by the entirety. Nor is it disputed that when the Morses opened that account, they expressly indicated that they wanted it to be a tenancy by the entireties account. Additionally, Wiesenforth testified that because the bank did not have cards designating account ownership in the name of "tenants by the entirety," he had to type in the words, in the ownership section, "Tenants by Entirety."
We reject Appellee's argument that it is not enough simply to designate an account as a tenancy by the entirety and that the court must also consider the personal facts and circumstances surrounding the parties' opening and use of the account, as the court did in Sitomer v. Orlan. In Sitomer, a husband and wife opened an account titled "Irving Sitomer and Belle Sitomer" and executed a signature card designating the account as a joint account with right of survivorship. 660 So.2d at 1112. This court noted the difficulty in distinguishing between two forms of bank accountstenancy by the entirety and joint tenancy with right of survivorshipand further observed that part of the confusion stems from "the fact that banking practices do not require account holders to expressly delineate the form of ownership they are creating in the jointly held monies." Id. at 1113. Quoting from Winters v. Parks, 91 *438 So.2d 649, 652 (Fla.1956), the court stated that "much litigation involving bank accounts could be avoided if depositors and banks, when the account is first established, would `add language to the signature card stating clearly whether it is or is not intended to create an estate by the entirety.'" 660 So.2d at 1113 n. 1. We noted that determining whether the parties created a tenancy by the entireties in a bank account is a question of fact and, due to the difficulties in distinguishing between joint tenancies and tenancies by the entireties, "courts have been forced to resort to examining various factors which would be indicative of an entireties account." Id. at 1115. We then itemized certain factors to consider.
Here, however, there was no reason to apply the Sitomer factors in resolving whether the Morses had created a tenancy by the entirety, as the depositors clearly indicated that the account was a tenancy by the entireties, rather than a joint account with a right of survivorship. Patently, they intended to open a tenancy by the entirety, as evidenced from the signature card. Consequently, it was unnecessary to inquire further as to the manner in which the account was used by the Morses. In none of the cases relied on by Appellee did the depositors expressly state an intent to open an entireties account, and none of the accounts in question was so designated. See Leesburg; Sitomer; Winters.
Leesburg clearly provides that the intention of the parties need be proven only where the instrument creating the tenancy does not bear an express designation that the tenancy is one held by the entireties. See Leesburg, 254 So.2d at 781. "If it is proven," said the court, "that they desired an estate by the entireties, then the account cannot be garnished on account of the individual debts of [the husband]." Id. (emphasis added) See also Hurlbert v. Shackleton, 560 So.2d 1276, 1279 (Fla. 1st DCA 1990) (construing Leesburg to hold that unless a tenancy by the entireties is clearly expressed in the instrument, the parties must prove they intended to create a tenancy by the entireties); Sheeler v. U.S. Bank of Seminole, 283 So.2d 566, 566 (Fla. 4th DCA 1973) ("It is clear from the terms of the bank signature card that an estate by the entireties was expressly created and so we need only to reverse and remand with instructions to vacate and dissolve the order in garnishment upon authority of ... Leesburg....").
We do not address whether Appellee is entitled to the money in the account on the ground that Appellant engaged in a fraudulent transfer of his trust funds under § 222.30, Florida Statutes, as this issue has yet to be determined and is presently pending in the trial court.
Therefore, we reverse and remand for further proceedings consistent with this opinion.
STONE, C.J., KLEIN, J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.