PER CURIAM.
This is an appeal of a non-final order of the trial court which had the effect of dissolving a writ of garnishment on two bank accounts. This court has jurisdiction. See Parl v. Parl, 699 So.2d 765 (Fla. 4th DCA 1997); Fla.R.App.P. 9.130(a)(3)(C)(ii).
The Cadle Company (“Cadle”) obtained a Connecticut judgment against Peter Grieco and others which it domesticated in Florida. Cadle filed a motion for garnishment after judgment, seeking the issuance of a writ against any indebtedness of Com-erica Bank and Trust, FSB (“Comerica”) to Grieco. Comerica filed an amended answer to the writ, indicating an indebtedness to Grieco in the amount of $114,-070.85 in four accounts, two in Grieco’s name and two in the names of Grieco and Christine E. Grieco. Cadle served the notice required by section 77.055, Florida Statutes (1997). Pursuant to section 77.061, Florida Statutes (1997), Cadle served a reply stating that Comerica’s amended answer failed to provide sufficient information to determine whether the accounts in question were subject to garnishment and that discovery was required to establish the nature and ownership of the accounts to determine the applicability of any exemptions. The reply requested a trial on the issues raised by the answer and reply.
Grieco filed a “motion for' order striking writ of garnishment.” The motion claimed that he and his wife held two of the Com-erica bank accounts as tenancy by the entireties, so they were not reachable by a creditor of one of them. The motion contended that another account contained wages paid by Grieco’s employer, which were not subject to garnishment. The motion expressly stated that it was not being filed as an answer or a motion to dissolve. However, on appeal Grieco concedes that the motion was “in substance, application, and effect” a motion to dissolve filed pursuant to section 77.07, Florida Statutes (1997).
Grieco’s motion was heard at a non-evidentiary, motion calendar hearing. The trial court granted Grieco’s motion in part by “striking” the writ of garnishment as to the two accounts in the name of Grieco and his wife Christine. As to the third account, the court denied the motion, reserving final determination for an evidentiary hearing. After the entry of this order, Cadle obtained from Comerica copies of the signature cards for the four accounts. Nothing on the signature cards for the two accounts in both names indicates that the accounts were intended to be tenancies by the entireties.
A bank account held as a tenancy by the entirety is not subject to execution to satisfy the individual debt of one spouse. See Sitomer v. Orlan, 660 So.2d 1111, 1114 (Fla. 4th DCA 1995). Where a tenancy by the entirety is not established by the clear and unambiguous wording on a bank signature card opening an account, whether a tenancy by the entireties was created is a matter that must be proven. See Morse v. Kohl, Metzger, Spotts, P.A., 725 So.2d 436, 437 (Fla. 4th DCA 1999). The trial court erred in dissolving the writ as to the two accounts titled in the Griecos’ names without holding an evidentiary hearing on whether the accounts were entireties property. Section 77.07(2) contemplates that the issues and defenses raised by a defendant in a motion to dissolve “shall be tried”; these words call for a full trial or evidentiary hearing. Section 77.08, Florida Statutes (1997), supports this interpretation, since it authorizes a jury to be “impaneled to try the issues” if a party demands one.
*1259 We reverse that portion of the trial court’s order striking the. writ of garnishment as to the two accounts titled in the Griecos’ names and remand for an eviden-tiary hearing.
STONE, STEVENSON, and GROSS, JJ., concur.