757 So.2d 1278 (2000)
The CADLE COMPANY, Appellant,
v.
G & G ASSOCIATES and Peter L. Grieco, et al., Appellees.
No. 4D99-3692.
District Court of Appeal of Florida, Fourth District.
May 31, 2000.
Marc Birnbaum of Law Offices of Marc Birnbaum, P.A., Miami, and Carla L. *1279 Brown of Law Offices of Carla L. Brown, West Palm Beach, for appellant.
Daniel J. Becka and Carl F. Schoeppl of Schoeppl & Burke, P.A., Boca Raton, for Appellee-Peter Grieco.
PER CURIAM.
Appellant appeals an order granting the motion of its judgment debtor, Peter Grieco (Grieco), to dissolve writ of garnishment it obtained against Grieco's employer.[1] We reverse.
Grieco's employer, the garnishee, filed an answer which indicated that it owed Grieco amounts for earnings as well as for items such as "Return on Investment" and "Expense Reimbursement." Additionally, it indicated it that Grieco had a capital account with his employer in the amount of $522,500. Grieco filed an affidavit of head of household, in which he stated, inter alia, that he was paid "earnings" by his employer as compensation for his services, and that he was a "head of family" as defined in section 222.11(c), Florida Statutes. Under oath, Appellant's account officer in charge of this matter denied allegations in Grieco's affidavit that the monies garnished were exempt as earnings as that term is defined in section 222.11, Florida Statutes.
At a motion calendar hearing on Grieco's motion to dissolve, which took place before his employer filed its answer, Appellant argued that the motion was premature but asked for an evidentiary hearing as to those monies which might be held for Grieco by his employer which were other than wages; Grieco argued that Appellant's officer's denial under oath was insufficient as a matter of law because it was not based upon the officer's personal knowledge of facts contrary to those stated in Grieco's affidavit and therefore constituted no affidavit at all. The trial court did not grant Appellant an evidentiary hearing but instead, on the date the employer's answer was filed, it granted Grieco's motion to dissolve.
The exemption statute defines "earnings" to include "compensation paid or payable ... for personal services or labor." § 222.11(1)(a), Fla. Stat. (1999) (emphasis added). A return on an equity investment is not exempt under the statute, see In re Harrison, 216 B.R. 451 (Bankr.S.D.Fla.1997); neither are amounts an employer owes a debtor for expense reimbursement, see In re Parker, 147 B.R. 810 (Bankr.M.D.Fla.1992). Although neither party has cited authority on point, it does not seem likely that a "capital account" could qualify for the exemption. Such a term usually represents an investor's ownership interest in a business,[2] not earnings for personal services. Thus, Grieco's head of household affidavit under section 222.11 may not exempt all the "other monies" his employer owed to him.
The burden of proving the entitlement to an exemption is on the debtor. See Parker, 147 B.R. at 812. The exemption for the earnings of the head of a family is asserted by a person taking an "oath before the officer who issued the process that the money attached is due for the personal labor and services of such person, and that he or she is the head of a family residing in said state." § 222.12. When such an affidavit is made, the party suing out the process is given notice and *1280 if the facts set forth in such affidavit are not denied under oath within 2 days after the service of said notice, the process shall be returned, and all proceedings under the same shall cease. If the facts stated in the affidavit are denied by the party who sued out the process within the time above set forth and under oath, then the matter shall be tried by the court from which the writ or process issued, in like manner as claims to property levied upon by writ of execution are tried, and the money or thing attached shall remain subject to the process until the judgment of the court which shall try the issue.
Id. (emphasis added).
Section 222.12 is required to be strictly construed in favor of the debtor because the exemption is for the debtor's benefit. See Miami Herald Publ'g Co. v. Payne, 358 So.2d 541, 543 (Fla.1978), receded from on other grounds by Waddell v. Schwarz, 405 So.2d 978 (Fla.1981). Nevertheless, the statute does not require a controverting affidavit by the party who sued out the process, only a denial by that party under oath. Appellant complied with that requirement. Since Appellant placed at issue Grieco's statement that the monies held by his employer constitute earnings subject to the exemption, at least as to some of those funds, Appellant was entitled to have the issue tried at an evidentiary hearing. See Bank of Coral Gables v. Newberg, 490 So.2d 247 (Fla. 3d DCA 1986).
Accordingly, we reverse the order granting Grieco's motion to dissolve and remand with instructions to the trial court to hold an evidentiary hearing to determine which of the monies held by Grieco's employer are exempt under the statute.
WARNER, C.J., POLEN and HAZOURI, JJ., concur.
NOTES
[1] This case is before us for the third time. See Cadle Co. v. G & G Assocs. 737 So.2d 1136 (Fla. 4th DCA 1999), rev. granted, No. 96,417, ___ So.2d ___ (Fla. Feb. 3, 2000); Cadle Co. v. G & G Assocs., 741 So.2d 1257 (Fla. 4th DCA 1999).
[2] One authority defines "capital account" as follows:

A term used in accounting to describe the equity in a business. In a partnership, each partner has a capital account which represents his contribution or investment in the partnership. In a corporation, the capital account represents the amount invested by shareholders, both as stock and as additional paid-in capital. In a sole proprietorship, the amount contributed by the owner to start the business represents the owner's capital account.
BLACK'S LAW DICTIONARY 209 (6th ed.1990).