DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STEFANO VERSACE,** an individual,
**BRUNO VERSACE,** an individual, and **ROBERT RE,** an individual,
Appellants,

v.

**URUVEN, LLC,**
a Florida limited liability company,
Appellee.

No. 4D21-2311

[October 12, 2022]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Joseph George Marx, Judge; L.T. Case No. 50-2017-CA-006820-XXXX-MB.

Alejandro Brito and Cecilia S. Miranda of Brito, PLLC, Coral Gables, for appellants.

Leon F. Hirzel and Alec P. Hayes of Hirzel Dreyfuss & Dempsey, PLLC, Miami, for appellee.

WARNER, J.

Appellant challenges the trial court's order permitting garnishment of a bank account designated on the signature card as a tenants by the entirety account with his wife. He claims that based on *Beal Bank, SSB v. Almand and Associates*, 780 So. 2d 45 (Fla. 2001), the bank account is not subject to garnishment for his individual debt. Appellee contends that the account is not held as tenants by the entireties, because the six unities of title are not present.

We agree with appellant that *Beal Bank* controls. *Beal Bank* held that where a bank signature card expressly designates the account as held as tenants by the entireties between husband and wife, this "ends the inquiry as to the form of ownership." 780 So. 2d at 60. Thus, appellant and his wife's account held expressly as tenants by the entireties is not subject to garnishment for the judgment against appellant. We reverse.

Appellee obtained a judgment against appellant and secured the issuance of a writ of garnishment against Bank of America, claiming that appellant had accounts with the bank. The bank answered that it had three accounts in appellant's name, among others, including an account in the name of appellant and his wife. The bank set aside the monies in the account in appellant's and his wife's name subject to the writ. Appellant filed a claim of exemption and motion to dissolve the writ as to that account, claiming that the account was held as tenants by the entireties. Appellee responded that the account did not meet the six unities of title[1] necessary to be a tenancy by the entireties account. Specifically, appellee asserted the account lacked the unity of time, because the account was originally opened by the wife alone. Not until a few years later did appellant and the wife sign a new signature card, which expressly stated that the account was held as tenants by the entireties.

The court held a hearing and then granted the writ of garnishment as to all accounts, thus rejecting appellant's claim of exemption for the account designated by the signature card to be held by appellant and the wife as tenants by the entireties. Appellant appeals this order.

Because the issue we address is one of law, our review is de novo. *See Kane v. Stewart Tilghman Fox & Bianchi, P.A.*, 197 So. 3d 137, 141 (Fla. 4th DCA 2016) ("The classification of monies sought in a garnishment proceeding is a question of statutory interpretation that is reviewed de novo." (citation and internal quotation marks omitted)); *Arnold, Matheny & Eagan, P.A. v. First Am. Holdings, Inc.*, 982 So. 2d 628, 632 (Fla. 2008) (applying de novo standard of review where the issue on appeal required interpretation of statutory provisions of Florida garnishment law).

The type of account held by a husband and wife determines whether it can be garnished by a creditor of either. Because a tenancy by the entirety belongs to neither party, but "each spouse is seized of the whole," *see Beal Bank*, 780 So. 2d at 53, it cannot be garnished by a creditor of one spouse. However, in a joint tenancy with right of survivorship each party owns his or her separate share of the property such that a creditor of one joint owner may attach that owner's share of the account to satisfy that owner's debt. *Id.*

In *Beal Bank*, the supreme court recognized the confusion in the law with respect to tenancies by the entireties in personal property, stating:

---

[1] Creation of a tenancy by the entireties requires the unities of possession, interest, title, time, as well as survivorship and marriage. *See Beal Bank*, 780 So. 2d at 52.

Over the past fifty years, Florida jurisprudence has continued to struggle with the application of common law real property ownership concepts to modern banking relationships. . . .

. . . .

Indeed, jurists and legal commentators have labeled the law regarding tenancies by the entireties in personal property to be "relatively conflicting and confusing" and "a state of morass."

*Id.* at 56–57 (footnotes omitted). This was particularly true, because banks frequently did not provide on their signature cards for the type of account which was being opened. *Id.* at 56. The court sought to adapt the common law to facilitate the changes in modern banking. The court then adopted two rules to end the confusion. First,

[A]s between the debtor and a third-party creditor (other than the financial institution into which the deposits have been made), if the signature card of the account does not expressly disclaim the tenancy by the entireties form of ownership, a presumption arises that a bank account titled in the names of both spouses is held as a tenancy by the entireties as long as the account is established by husband and wife in accordance with the unities of possession, interest, title, and time and with right of survivorship. The presumption we adopt is a presumption affecting the burden of proof pursuant to section 90.304, Florida Statutes (2000), thus shifting the burden to the creditor to prove by a preponderance of evidence that a tenancy by the entireties was not created.

*Id.* at 58 (footnotes omitted).

Second, with respect to an express designation on a signature card that the account is held as a tenancy by the entirety:

Although we recede from *Hector Supply Co.*, we agree with the statement in *Hector Supply Co.* that *an express designation on the signature card that the account is held as a tenancy by the entireties ends the inquiry as to the form of ownership. Hector Supply Co.*, 254 So. 2d at 781. Following *Hector Supply Co.*, other courts have excluded extrinsic evidence where the account documents clearly indicated the legal form of

3

ownership. *See Morse v. Kohl, Metzger, Spotts, P.A.*, 725 So. 2d 436, 437 (Fla. 4th DCA 1999) (holding that extrinsic evidence is inappropriate when both husband and wife signed the signature card, which specifically and clearly designated the account as one held as tenants by the entireties); *Sheeler v. United States Bank of Seminole*, 283 So. 2d 566, 566 (Fla. 4th DCA 1973) (holding no further inquiry necessary where clear from the terms of the bank signature card that an estate by the entireties was expressly created).

*Beal Bank*, 780 So. 2d at 60 (emphasis supplied). By modifying the common law with respect to bank accounts held by spouses, the court hoped "to bring greater predictability and uniformity to the common law governing accounts held at financial institutions and to eliminate the confusion that has arisen from our prior decisions in this area[.]" *Id.* at 62.

In a footnote in *Beal Bank*, the court suggested to the Legislature that it enact a statutory presumption of tenancy by the entirety in bank accounts held in the name of two spouses. 780 So. 2d at 62 n.24. The Legislature did more than that in in 2008 by amending section 655.79(1), Florida Statutes, to provide: "Any deposit or account made in the name of two persons who are husband and wife shall be considered a tenancy by the entirety unless otherwise specified in writing." Thus, consistent with *Beal Bank*, an express designation of an account as a tenancy by the entireties would create a tenancy by the entireties as a matter of statutory law, regardless of the presence or absence of the common law requirements of unities.

Appellees argue that *Beal Bank* does not apply, because it did not deal with an account in which the unity of time was not present, thus precluding the account from being treated as a tenancy by the entireties. We disagree. In a footnote, the *Beal Bank* court stated that while some commentators suggested the unity of time should be omitted from the unities required to establish a tenancy by the entirety, the issue was not raised, and the court declined to consider it. 780 So. 2d at 52 n.6. But this does not mean that *Beal Bank* would still allow a party to challenge the account's form for failing any of the unities. *Beal Bank* did not qualify its statement that an express designation of tenancy by the entireties "ends the inquiry." *Id.* at 60. In contrast, the court required an examination of the unities where no such express designation exists. In the latter case, the presumption of a tenancy by the entirety arises "as long as the account is established by husband and wife *in accordance with the unities of possession, interest, title, and time and with right of survivorship.*"

4

*Id.* at 58 (emphasis supplied). Thus, the court made a clear distinction between accounts which state expressly they are held as tenants by the entirety and ones that do not, and only those that do not have an express designation require an examination of the unities in the formation of the account. Of course, section 655.79(1) now eliminates even that showing, as all spousal bank accounts are considered as held by tenancies by the entireties unless otherwise specified in writing.[2]

The language in *Beal Bank* is clear and direct. The express designation of a tenancy by the entireties on a signature card of a bank account establishes the account as such, and no further inquiry should be made. This was reinforced by section 655.79(1), which makes the signature card conclusive. No one need establish all the common law unities of tenancy by the entireties when a third party creditor seeks to garnish such an account.[3]

This does not leave the creditor without remedies as to such an account. As the *Beal* court noted,

> [this] decision in no way limits creditors' ability to protect their interests against debtors who seek to shield assets from creditors. Concerns such as preventing fraud on creditors or fraudulent transfers, however, are more properly addressed by those statutes that prevent fraudulent transfers. . . .

*Id.* at 59 (footnote omitted).

Appellant also challenges the trial court's issuance of a writ of garnishment as to two other accounts held jointly with right of survivorship with other parties. To ascertain what interest each account holder had in the account requires an analysis of the evidence provided at the hearing. As we have no transcript of the hearing, we are required to

---

[2] In another footnote in *Beal Bank,* the court noted that it did not address another account, titled the Merrill Lynch Account, because the wife's name was added later to the account. 780 So. 2d at 49 n.2. The Fifth District opinion in *Beal Bank, SSB v. Almand & Associates*, 710 So. 2d 608 (Fla. 5th DCA 1998), had held it was subject to garnishment. This does not signify approval of the result, nor can we glean whether the wife was simply added later or, as here, an entirely new signature card was executed. In any event, that was most likely a stock account, not a bank account, and *Beal Bank* only addressed bank accounts.

[3] *See* Anne Buzby-Walt, *Are Florida Laws on Tenancy by the Entireties in Personalty as Clear as We Think?*, 85 Fla. Bar J. 52 (Sept./Oct. 2011) 15 ("Presumably [according to Section 655.79(1] there is no longer a requirement to establish the unities in the case of bank accounts.").

accept the trial court's rulings as supported by the evidence and affirm. *See Applegate v. Barnett Bank of Tallahassee*, 377 So. 2d 1150, 1152 (Fla. 1979).

We thus reverse the trial court's issuance of the writ of garnishment as to the account held as a tenancy by the entirety between appellant and his wife. We affirm the order allowing garnishment of the accounts held jointly with others.

*Affirmed in part; reversed in part; and remanded with instructions.*

MAY and CIKLIN, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

6